UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE: | CHAPTER 11 |
|---|---|
| Steadman L. Blake and Tryphena F. Blake | CASE NO. 07-12445-FJB |

OBJECTION TO DEBTORS' THIRD AMENDED DISCLOSURE STATEMENT

(PROPERTY IDENTIFIED AS 7 SAYWARD STREET, DORCHESTER, MA)

      Now Comes U.S. BANK, National Association, as Trustee by and through its servicing agent, Home Loan Services, Inc. and files its objection to the Debtors' Third Amended Disclosure Statement. In support of its objection, US Bank, through its servicing agent, states as follows:

1.     U.S. Bank National Association, as Trustee for First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2005-FF10 is the holder of the first mortgage on the debtors' property located 7Sayward Street, Dorchester, MA 02124. this loan is serviced by Home Loan Services, Inc.. The proof of claim dated June 29, 2007 indicated a total secured debt of $350,772.98.

2.     This case was filed two years ago, on April 20,. 2007. To date, the debtors have failed to confirm a plan of reorganization. Their first attempt at a plan of reorganization did not come until ten months after this case was filed. Two other plans have been attempted since that date and serious objections remain.

3.     On March 25, 2009 the debtor's filed a Third Amended Disclosure Statement and Chapter 11 Plan (see docket #295). The treatment of this claim is set forth in Class VI of the proposed Disclosure Statement and accompanying Plan. The debtors have based their recent Disclosure Statement and Plan upon an erroneous conclusion that they can take advantage of the declining real estate values and declining interest rates, post-confirmation, to revalue their properties. The specific objections to the Disclosure Statement (and accompanying Plan of Reorganization) are listed below.

    a. The debtor obtained an appraisal of this property to support the original Disclosure Statement and Plan which was not filed until February 25, 2008 under threat of conversion by the U.S.Trustee. According to the debtor's own appraisal, dated November 21, 2007, this property had a market value of $309,000.00 by the sales comparison approach and a value of $312,500.00 by the income approach. The debtors are now attempting to take advantage of their own inability to effectively reorganize for the past two years and the declining real estate market to revalue this property at $200,000.00. Value is not a moving target and has to be determined within a reasonable period of time of the filing of the Chapter 11 case. The debtor cannot now reward their own two year failure to confirm a plan at the expense of their creditors.

In Re: Steadman L. Blake and Tryphena F. Blake
Case No. 07-12445-FJB
CHAPTER 11

    b.  Similarly, the debtor cannot take advantage of declining interest rates. The original Disclosure Statement proposed an interest rate of 6.5%.  The debtor proposes now an interest rate of 5%.  The interest rate should represent the appropriate risk factor pursuant to the *Till* decision, starting with a base rate applicable when this case was filed two years ago.

    c.  This claimant filed a Statement of 1111(b) election on September 4, 2008 which is not reflected in the current Third Amended Disclosure Statement.

    d.  The Statement of Financial Operations is based upon the above erroneous assumption that the debtors can revalue their properties post-petition and recalculate the appropriate interest rate based upon post-petition real estate and financial declines and is therefore inaccurate.

    WHEREFORE, U.S. Bank, National Association as Trustee respectfully requests that the Court deny the adequacy of the Debtors' Third Amended Disclosure Statement and for such other relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Deirdre M. Keady
    Deirdre M. Keady, Esquire
    BBO# 359020
    HARMON LAW OFFICES, P.C.
    P.O. Box 610345
    Newton Highlands, MA 02461-0345
    781-292-3900

Dated: April    23   , 2009

DMK//200603-0674/Blake, Steadman

In Re: «DebtorNames»
Case No. «BCICaseNumber»
CHAPTER «Chapter»

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

Steadman L. Blake and Tryphena F. Blake

CHAPTER 11
CASE NO. 07-12445-FJB

CERTIFICATE OF SERVICE

      I, Deirdre M. Keady, Esquire, state that on April 23, 2009, I electronically filed the foregoing Objection to Disclosure Statement with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

John Fitzgerald, Esquire, Assistant U.S. Trustee
Eric K. Bradford, Esquire for United States Trustee
Timothy M. Mauser, Esquire for Debtors
Joseph G. LaRusso, Esq. for the City of Boston, Treasurer's Office
Julie Taylor Moran, Esq. for Deutsche Bank Trust
Adam B. Finkel, Esq. for HSBC Bank
Victor Manougian, Esq.
Moss Codilis LLP

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

                          /s/ Deirdre M. Keady
                          Deirdre M. Keady, Esquire
                          BBO# 359020

Steadman L. Blake
121 Woodrow Avenue
Apartment 2
Boston, MA 02124

In Re: «DebtorNames»  
Case No. «BCICaseNumber»  
CHAPTER «Chapter»

Tryphena F. Blake  
121 Woodrow Avenue  
Apartment 2  
Boston, MA 02124

Homeq Servicing Corporation  
6 Executive Circle  
Suite 100  
Irvine, CA  92614

DMK//200603-0674/Blake, Steadman