UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| IN RE: | CHAPTER 11 |
|---|---|
| Steadman L. Blake and Tryphena F. Blake | CASE NO. 07-12445 FJB |

OBJECTION TO THE THIRD AMENDED PLAN OF REORGANIZATION
DATED MARCH 16, 2009

Now Comes JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law ("JPMorgan") and files its objection to the Third Amended Plan of Reorganization. In support of its objection, JPMorgan states as follows:

1. JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law is the holder of the first mortgage on the debtors' property located <u>121 Woodrow Avenue, Dorchester, MA.</u> The proof of claim dated April 27, 2007 listed a total debt of $355,051.15.

2. The treatment of this claim is set forth in Class II of the Plan. This claimant objects to the proposed use of new valuations for this property. According to the original *Schedule A* filed in this case over two years ago, the debtors represented that the value of this property securing the claim of JPMorgan was $485,000.00. At that value, this claim is not impaired.

3. The (First) Plan and Disclosure Statement, not filed until February 25, 2008, listed the fair market value of this property at $310,000.00 by the sales comparison approach and $364,000.00 by the income approach. The debtors chose to treat this claim as secured to the extent of $310,000.00

4. The First Amended Plan and Disclosure Statement, filed on July 23, 2009, made the same proposal.    The Second Amended Plan and Disclosure Statement , filed on October 30, 2008 made the same proposal.  This current Third Plan and Disclosure Statement now seek to treat this claim as secured to the extent of $250,000.00 attaching an appraisal dated February 28, 2009.   The $250,000.00 value was the appraiser's estimate for sales comparison and the appraiser listed $280,000. by the income approach.

5. At no time has this claimant accepted the debtors' treatment of its claim as "impaired" and this claimant reasserts its objection to the debtors' proposed treatment of its claim. Pursuant to the *Schedule A* filed by the debtors when this case was first filed, this claim is not impaired and must be treated as a fully secured claim. The debtors are bound by the value they stated at the commencement of their case.

6. Should the Court chose to allow the debtors to use the first appraisal submitted by them to determine secured value,  which was submitted nine months after the filing of this case and when market conditions started to deteriorate,  this claimant is still entitled to have its claim treated as fully secured because the debtors submitted an appraisal stating the value of the property based upon the income approach is  $364,000.00.  This claimant asserts that the income approach is the valid approach because this property is not fully residential, but consists of a rental unit as well.

7. Further, this claimant objects to the the debtors now reducing the interest rate to be paid on the secured claim from 6.5% as originally offered to 5% simply because two years have passed between the filing of this case and the third attempt at confirmation.

8. The value and the interest rate should be set at the time of the filing of the petition or as close thereto as possible.  To allow otherwise provides unjust enrichment to the debtors at the expense of their creditors.

WHEREFORE, JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law respectfully requests that the Court:

1. Rule that the value of this property for confirmation purposes is $485,000.00 pursuant to the information originally submitted by the debtors on their Schedule A, thereby removing this claim from the "impaired" treatment under the Plan, or if such is denied by the Court, in the alternative rule that the value of this property for confirmation purposes and for establishing the allowed secured claim here is $364,000.00 which also demands that this claim be treated as fully secured.

2. Rule that the debtors may not change the offered interest rate to take advantage of declining interest rates that have occurred in the more than two years since this case was filed, and

3. For such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ Deirdre M. Keady, Esquire
For JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law
BBO# 359020
HARMON LAW OFFICES, P.C.
P.O. Box 610389
Newton Highlands, MA 02461-0389
781-292-3925
617-243-4049 (fax)
dkeady@harmonlaw.com

Dated: June    8    , 2009           djK//200702-1027/Blake, Steadman

CERTIFICATE OF SERVICE

      I, Deirdre M. Keady, Esquire , state that on June    8   , 2009, I electronically filed the foregoing Objection to Confirmation of Plan of Reorganization with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Office of the US Trustee
Eric K. Bradford, Esq. for the US Trustee
Timothy M. Mauser, Esquire for Debtors
Joseph G. LaRusso, Esq. for the City of Boston, Treasury Dept.
Victor Manougian for Deutsche Bank
Richard t. Mulligan for Home Loan Services


I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

                        /s/ Deirdre M. Keady
                        Deirdre M. Keady, Esquire
                        BBO# 359020

Steadman L. Blake
121 Woodrow Avenue
Apartment 2
Boston, MA 02124

Tryphena F. Blake
121 Woodrow Avenue
Apartment 2
Boston, MA 02124


DMK//200603-0674/Blake, Steadman